Megan A. Richmond (SBN 170753)
**MEGAN A. RICHMOND, APC**
655 West Broadway, Suite 1700
San Diego, California 92101
Telephone: (619) 577-4253
Email: megan@therichmondfirm.com

C. Brooks Cutter (SBN 121407)
John R. Parker, Jr. (SBN 257761)
Celine E. Cutter (SBN 312622)
**CUTTER LAW, P.C.**
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 290-9440
Facsimile: (916) 588-9330
Email: bcutter@cutterlaw.com;
Email: jparker@cutterlaw.com;
Email: ccutter@cutterlaw.com

Moira Kamgar (SBN 141383)
**MOIRA KAMGAR APC**
2901 W Coast Hwy, Ste. 200
Newport Beach, CA  92663
Telephone:  (949) 422-5554
Email:  moirakamgar@gmail.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VALERIE WHITAKER, <br>            Plaintiff, <br><br>    vs. <br><br> COUNTY OF RIVERSIDE, a legal subdivision of the State of California, and DOES 1-10, inclusive, <br><br>         Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT (29 U.S.C. § 207) AND DEMAND FOR JURY TRIAL** |

### PRELIMINARY STATEMENT

1.     Plaintiff VALERIE WHITAKER, a social worker and employee of Defendant COUNTY OF RIVERSIDE, brings this action under the United States Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 207, for remedies arising out of Defendants' non-payment of overtime.  By this Complaint, Plaintiff seeks unpaid wages, penalties, liquidated damages, restitution, attorneys' fees and costs of suit pursuant to *inter alia*, 29 U.S.C. § 216(b).

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the claims asserted herein pursuant to Article III of the United States Constitution, as well as original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b). Defendant resides in this District for the purposes of the foregoing venue statute, and a substantial part of the acts, events and / or omissions giving rise to the claims set forth in this Complaint occurred in this District.

### PARTIES

4.     Plaintiff VALERIE WHITAKER is an individual citizen of the United States of America and the State of California, and resides in this District.  Within three (3) years of the date Plaintiff's Consent to Sue was filed in the related action, *Karrene Phillips et al. v. County of Riverside,* Case No. 5:19-cv-01231, Plaintiff VALERIE WHITAKER was employed as a non-exempt, case-carrying social worker by Defendant in the CHILDREN'S SERVICES DIVISION of Defendant's DEPARTMENT OF PUBLIC SOCIAL SERVICES (a "CSD Social Worker") in this District.

5.     The Court in *Karrene Phillips et al. v. County of Riverside,* Case No. 5:19-cv-01231 tolled the Statute of Limitations from April 7, 2022 until July 11,

COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT
AND DEMAND FOR JURY TRIAL

2022 for this Plaintiff.  Plaintiffs' claim was accordingly tolled during the pendency of that matter through July 11, 2022

6.      Defendant COUNTY OF RIVERSIDE (hereinafter "Defendant") is a legal subdivision of the State of California, pursuant to Article 11, Section 1(a) of the California Constitution and Cal. Gov. Code § 23002.

7.      Defendants DOES 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein and that the damages alleged herein were caused by such defendants.

## GENERAL ALLEGATIONS

8.      Throughout Plaintiff's employment with Defendant, Defendant was required under the FLSA to compensate Plaintiff for all hours worked, along with a time-and-a-half premium for all time worked in excess of forty (40) hours per week. Defendant failed to compensate Plaintiff for all hours worked as required by the FLSA.

9.      Plaintiff is informed and believes, and therefore alleges, that at all times herein mentioned, Defendant was advised by skilled and competent employees, advisors, lawyers and other professionals knowledgeable about the requirements of the FLSA and proper procedures for the payment of overtime compensation to non-exempt employees. Plaintiff thereon alleges that Defendant knew it had a duty to compensate Plaintiff for all hours worked, including overtime, at rates required by the FLSA, and that Defendant willfully, knowingly and intentionally failed and refused to do so.

-3-
COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT
AND DEMAND FOR JURY TRIAL

10.     Records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff are in the possession and custody of the Defendant.

**FIRST CLAIM FOR RELIEF (Violation of FLSA, 29 U.S.C. §207)**

11.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 10 of this Complaint, as though fully set forth in this First Claim for Relief.

12.     At all times relevant to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. §§ 203(r) and 203(s). At all times relevant to this Complaint, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and has employed and may continue to employ within the meaning of 29 U.S.C. § 203(g) Plaintiff.

13.     Plaintiff was employed by Defendant as a non-exempt, case-carrying CSD Social Worker.

14.     All non-exempt CSD Social Workers, including Plaintiff, are entitled under the FLSA to be compensated for all of hours worked, plus a time-and-a-half premium for all time worked in excess of forty (40) hours per week.

15.     While Plaintiff was employed by Defendant, Defendant frequently required, suffered, and/or permitted Plaintiff to work more than forty (40) hours per week without paying all of the compensation required by the FLSA, pursuant to written and unwritten employment policies.

16.     Upon information and belief, Defendants failed to accurately record, report, and/or preserve complete records of hours worked by Plaintiff, as required pursuant to 29 U.S. Code § 211(c).  To the extent that any such records do exist, they are in the possession of Defendants and are discoverable in this action.

COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT
AND DEMAND FOR JURY TRIAL

17.    Defendant's unlawful conduct was repeated and consistent throughout Plaintiff's entire period of employment as a CSD Social Worker.  Upon information and belief, Defendant's policies and procedures were not FLSA compliant.

18.    Upon information and belief, Defendant's supervisors and managers knew or should have known that Plaintiff was working overtime without receiving all compensation required under the FLSA.

19.    Upon information and belief, Defendant knew or should have known that Plaintiff, was often assigned an amount of work that could not be completed in forty (40) hours per week.  Defendant's failure to pay Plaintiff all compensation owed in a timely manner was therefore reckless and/or willful and intentional.

20.    Defendant's failure to pay overtime to Plaintiff, was "willful" for the purposes of 29 U.S.C. § 255(a) because, after having been served written notification that social workers were working uncompensated overtime by the Riverside County Civil Grand Jury, Defendant continued to require CSD Social Workers, including Plaintiff, to complete all tasks assigned without receiving full compensation for all hours worked as required by the FLSA.

21.    By reason of Defendants' foregoing conduct, Plaintiff has suffered harm and been damaged. Plaintiff is therefore entitled to and seeks damages pursuant to 29 U.S.C. §255(a) in the amount of all unpaid overtime for the maximum period allowed by law, and inclusive of all applicable tolling periods. Plaintiff is also entitled to attorney fees, liquidated damages, interest and costs pursuant to 29 U.S.C. § 216(b), as well as such other legal and equitable relief as the Court deems just and proper.

22.    WHEREFORE, Plaintiff requests relief as set forth in this First Claim for Relief and below.

### PRAYER FOR RELIEF

-5-
COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT
AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff VALERIE WHITAKER prays for the following relief pursuant to *inter alia*, 29 U.S.C. § 216(b):

1.      Judgment against Defendants for an amount equal to the overtime Defendants failed to pay at the applicable overtime rate;

2.      Liquidated damages in an additional amount equal to the overtime Defendants failed to pay at the applicable overtime rate;

3.      Attorney's fees and costs;

4.      A finding that Defendants' violations of law were willful pursuant to 29 U.S.C. § 255(a), providing for an extended three-year damages recovery period preceding the date Plaintiff's executed Consent to Sue was filed in the related action *Karrene Phillips et al. v. County of Riverside,* Case No. 5:19-cv-01231;

5.      An award of prejudgment interest; and

6.      Such further relief as the Court deems just and equitable.


Dated: July 8, 2022                          Respectfully submitted,


                                             CUTTER LAW P.C.

                                             By:   /s/ John R. Parker, Jr.
                                                   John R. Parker, Jr.


                                             Megan A. Richmond (SBN 170753)
                                             **MEGAN A. RICHMOND, APC**
                                             655 West Broadway, Suite 1700
                                             San Diego, California 92101
                                             Telephone: (619) 577-4253
                                             Email: megan@therichmondfirm.com

                                             C. Brooks Cutter (SBN 121407)
                                             John R. Parker, Jr. (SBN 257761)
                                             Celine E. Cutter (SBN 312622)
                                             **CUTTER LAW, P.C.**
                                             401 Watt Avenue

-6-
COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT
AND DEMAND FOR JURY TRIAL

Sacramento, CA 95864
Telephone: (916) 290-9440
Facsimile: (916) 588-9330
Email: bcutter@cutterlaw.com;
Email: jparker@cutterlaw.com;
Email: ccutter@cutterlaw.com

Moira Kamgar (SBN 141383)
**MOIRA KAMGAR APC**
2901 W Coast Hwy, Ste. 200
Newport Beach, CA  92663
Telephone:  (949) 422-5554
Email:  moirakamgar@gmail.com

Attorneys for Plaintiffs

## SIGNATURE ATTESTATION

I hereby attest that I have obtain the authorization from the signatories to this e-filed document and have been authorized to indicate their consent by a conformed signature (/s/) within this e-filed document.

*/s/ John R. Parker, Jr.*
John R. Parker, Jr.

-7-
COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT
AND DEMAND FOR JURY TRIAL